**Fill in this information to identify your case:**

| | | | |
|---|---|---|---|
| Debtor 1 | Joshua | Aaron | Johnson |
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse, if filing) | Megan | Racheal | Johnson |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: EASTERN    District of   KENTUCKY
(State)

Case number (If known) 25-20182-dll

☐ Check if this is an amended plan, and list below the sections of the plan that have been changed.

_____
_____

Local Form 3015-1(a)

# Chapter 13 Plan                                                                                                       12/23

## Part 1:  Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.**

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. In addition, you must timely file a proof of claim, or a proof of claim must be timely filed on your behalf, to be paid under any plan. See Section 3.7 of the plan.

The following matters may be of particular importance. *Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included," if both boxes are checked, or if neither box is checked, the provision will be ineffective if set out later in the plan.*

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ☒ Included | ☐ Not included |
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☒ Included | ☐ Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ☒ Included | ☐ Not included |

## Part 2:  Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

| | | | | | |
|---|---|---|---|---|---|
| $250.00 | per | month | for | 1 | months |
| $1,313.00 | per | month | for | Until the end of the plan | months |
| $ | per | month | for | | months |

*Insert additional lines if needed.*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee** will be made from future income in a manner acceptable to the trustee or as ordered by the court. See KYEB-LBR 3070-1(a).

**2.3 Income tax refunds** will be retained by the debtor(s) except as otherwise set forth in a nonstandard provision, a separate plan amendment, or as ordered by the court.

**2.4 Additional payments**, if any, will be made to the trustee as set forth in a nonstandard provision, a separate plan amendment, or as ordered by the court.

**2.5 The total amount of payments to the trustee is estimated to be $81,000.00.**

### Part 3: Treatment of Secured Claims

*Each holder of an allowed secured claim, which is paid in full during the life of the plan and for which the collateral is not surrendered, shall retain the lien securing the claim until the earlier of: (1) payment of the underlying debt as determined under non-bankruptcy law; or (2) discharge. Should this case be dismissed or converted before the plan is completed, the lien securing an allowed secured claim shall be retained by the holder to the extent recognized by non-bankruptcy law. If relief from the automatic stay is ordered as to any item of collateral listed below, then, unless otherwise ordered by the court, all payments under this plan as to that collateral will cease, all secured claims based on that collateral will no longer be treated by the plan, and the Trustee is authorized to cease all payments to the secured creditor.*

**3.1 Maintenance of payments and cure of default, if any.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*

☒ The debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the debtor(s), as specified below. If neither party is specified, the contractual installment payments will be disbursed directly by the debtor(s).

Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if applicable, at the rate stated. Unless otherwise ordered by the court, the amounts listed on a proof of claim control over any contrary amounts listed below as to the current installment payment and arrearage. The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of creditor | Collateral | Estimated current installment payment | Estimated amount of arrearage (if any) | Interest rate on arrearage (if applicable) | Estimated monthly payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| Amerihome Mortgage Company, LLC | 3435 Crittenden Mt. Zion Rd. Dry Ridge, KY 41035 | $2,000.00 Disbursed by: ☐ Trustee ☒ Debtor(s) | $0.00 | 0% | $0.00 | $0.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security and modification of under-secured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

**3.3 Secured claims excluded from 11 U.S.C. § 506 or paid in full secured claims.** *Check one.*

☐ **None.** *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

☒ The claims listed below either:
1) were incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or
2) were incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value, or
3) are fully secured claims to be paid in full.

Each of the following claims will be paid in full through the plan with interest at the rate stated below. Unless otherwise ordered by the court, the claim amount listed in a proof of claim controls over any contrary amount listed below.

Unless a nonstandard provision expressly provides otherwise, an allowed secured tax claim shall be paid with interest at the applicable statutory rate in effect on the date on which the plan is confirmed, notwithstanding any contrary rate stated below.

| Name of creditor | Collateral | Estimated amount of claim | Interest rate∗ | Estimated monthly payment to creditor | Estimated total payments by trustee |
|---|---|---|---|---|---|
| Exeter Finance LLC | 2021 Jeep Compass | $25,499.00 | 9.50% | $535.53 | $32,131.59 |
| Harley Davidson Financial | 2021 Harley Davidson Road King | $18,904.00 | 9.50% | $397.02 | $23,821.15 |

*Insert additional claims as needed.*

∗**If the interest rate above is blank**, the interest rate shall be the WSJ Prime Rate on the date of confirmation plus 2 percentage points.

**3.4 Lien avoidance.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 All Other Secured Claims.**

An allowed secured claim not provided for in the plan shall be classified in a junior class of secured claims that will be paid through the plan on a pro rata basis with all other allowed secured claims in the class. Each allowed claim in the class will be paid to the extent of the value of the collateral set forth in the Creditor's proof of claim or the amount of the allowed claim, whichever is less, with interest at the WSJ Prime Rate on the date of confirmation or the date on which the proof of claim is filed, whichever is later, plus 2 percentage points, or if a secured tax claim with interest at the applicable statutory rate in effect on the date on which the plan is confirmed. Allowed administrative expenses shall be paid in full prior to distribution to this class of secured claims.

**3.7 Allowance of Secured Claims.**

1) Any creditor with a secured claim listed in the plan must have an allowed claim to be paid under the plan.

2) To have an allowed claim, a secured creditor must file a proof of claim in accordance with Bankruptcy Rule 3002, except as set out in paragraph 4 below.

3) If the plan lists a claim as a secured claim and the creditor files a proof of claim under Bankruptcy Rule 3002 as unsecured, the claim will be treated as unsecured, and the filing of such a claim **will be treated as a waiver of the security interest by the creditor**.

4) If a creditor with a listed secured claim fails to file a proof of claim before the deadline under Bankruptcy Rule 3002(c), the debtor(s) may file a proof of claim on behalf of the creditor pursuant to Bankruptcy Rule 3004, subject to the following:

   a) If the debtor(s) chooses to file a proof of claim on behalf of a creditor, the debtor(s) and counsel shall use their best efforts to file such claim(s) before the deadline under Bankruptcy Rule 3004.

   b) A proof of claim filed by the debtor(s) under Bankruptcy Rule 3004 will nevertheless be timely as to any secured portion of the claim if it is filed no later than 14 days after the trustee files a Notice of Allowance of Claims.

### Part 4: Treatment of Fees and Priority Claims

**4.1 General.** Allowed priority claims will be paid in full without postpetition interest except as otherwise provided in a nonstandard provision or as ordered by the court.

**4.2 Trustee's fees.** Trustee's fees are governed by statute and may change during the course of the case but are estimated to be 8% of plan payments, and during the plan term they are estimated to total $5,000.00.

**4.3 Attorney's fees.**

1) Counsel for the debtor requests compensation as follows:

   a) ☒ Pursuant to KYEB LBR 2016-2(a) an attorney's fee for counsel for the debtor(s) shall be allowed in the amount of $ 4,500.00 (not to exceed $4,500).  Of this amount, the debtor(s) paid $0.00 prior to the filing of the petition, leaving a balance of $4,500.00 to be paid through the plan. (The debtor(s)/attorney for debtor(s) has complied with KYEB LBR 2016-2(a) and this must match the Rule 2016(b) Disclosure of Compensation of Attorney For Debtor(s)).  Any additional requests for fees or expenses will be requested by separate application.

   OR

   b) ☐ An attorney's fee for counsel for the debtor(s) will be requested by separate application and shall be paid as allowed by the court.

2) Until the allowed attorney's fee is paid in full, creditors holding secured claims (including arrearage claims) shall be paid only adequate protection payments ordered by the Court.

**4.4 Priority claims other than attorney's fees and trustee's fees** are estimated to be $0.00.

**4.5 Domestic support obligations** will be paid in full; however, any claim based on a domestic support obligation that has been assigned to or is owed to a governmental unit may be paid less than the full amount of the claim under 11 U.S.C. § 1322(a)(4) as provided in a nonstandard provision or as ordered by the court.

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

The minimum amount required for distribution to allowed priority and nonpriority unsecured claims shall be the greater of: (1) the projected disposable income for the applicable commitment period; or (2) the amount required to satisfy the liquidation test.

The trustee shall calculate the "pool" amount available for distribution to nonpriority unsecured creditors. Creditors holding allowed nonpriority unsecured claims shall be paid on a pro rata basis to the greatest extent possible. No interest accruing after the date of the filing of the petition shall be paid except as set forth in a nonstandard provision or as ordered by the court.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced*.

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

☒ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced*.

### Part 6: Executory Contracts and Unexpired Leases

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

☒ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

### Part 7: Vesting of Property of the Estate

**7.1 Except as provided in Part 8, property of the estate in the possession of the debtor(s) and properly scheduled will vest in the debtor(s) upon** *Check the applicable box***:**

☒ plan confirmation.
☐ entry of discharge.
☐ other _____

**7.2 Unless otherwise ordered, the trustee retains all lien avoidance rights provided by statute.**

**Part 8:** Nonstandard Plan Provisions

**8.1 Check "None" or List Nonstandard Plan Provisions**

☐ **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Local Form 3015-1(a) or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

***The following plan provisions will be effective only if the "Included" box is checked in § 1.3.***

**8.2 Fees, Expenses, and Charges Paid Inside the Plan.** All fees, expenses, or charges that were incurred in connection with any secured claim after the bankruptcy case was filed and that the holder of the claim files a proof of claim and asserts that such expens are recoverable against the debtor or against the debtor's principal residence shall be paid inside the plan by the trustee to the extent that such fees, expenses or charges are itemized and filed pursuant to bankruptcy law, required under the underlying agreement, and applicable under nonbankruptcy law. Debtor shall notify the Chapter 13 Trustee

**8.3 Title Surrendered Property.** In the event that relief from stay is granted to any secured creditor, or that Debtor(s) surrenders collateral to a secured creditor as part of this plan or any modifications thereof, title to the related collateral shall, after confirmation of the plan or of a modified plan, vest in the secured creditor notwithstanding Section 7.1 above.

**8.4 Release of Liens.** Holders allowed secured claims shall retain existing liens against the related collateral until the allowed secured claim is paid in full. Each holder of an allowed secured claim that is paid during the term of this Plan shall, upon the entry of an order of discharge and full payment of the secured claim, release any liens recorded against property securing such claim.

**8.5 Debtor Claims.** Debtors expressly retain for themselves and the Chapter 13 Trustee any and all pre-petition claims against any holder of a claim, and the confirmation of this Plan shall not waive any such claims.

**8.6 Additional Payments to Trustee.** Debtors will make an additional payment to the trustee from the sale of residential property 3435 Crittenden Mt. Zion Rd., Dry Ridge KY 41035 within the 50-60 months of the Petition Date which is expected to yield an amount sufficient to satisfy 100% of the debt owed to secured creditor, AmeriHome Mortgage Company. All non-exempt funds (if any) shall be transmitted to the chapter 13 Trustee up to an amount sufficient to satisfy any remaining administrative fees, priority unsecured debts, and general unsecured debts.

**Part 9:** Signature(s):

**9.1 Signatures of Debtor(s) and Debtor(s)' Attorney**

*The Debtor(s) and attorney for the Debtor(s), if any, must sign below.*

X  /s/ Joshua Aaron Johnson
Signature of Joshua Aaron Johnson

X  /s/ Megan Racheal Johnson
Signature of Megan Racheal Johnson

Executed on  04 / 04 / 2025
MM / DD / YYYY

Executed on  04 / 04 / 2025
MM / DD / YYYY

X /s/ Dolores L. Dennery
Signature of Dolores L. Dennery, Esq.
Dennery Law
PO Box 121241
Covington, KY 41012
dolores@dennerypllc.com
859-409-5406
Attorney for Debtor

Date  04 / 04 / 2025
MM / DD / YYYY

**By filing this document, the Debtor(s), if not represented by an attorney, or the Attorney for Debtor(s) also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in Local Form 3015-1(a), other than any nonstandard provisions included in Part 8.**

**CERTIFICATE OF SERVICE**

    I hereby certify that on April 7, 2025, a copy of the foregoing was served electronically through the Court's ECF System to all parties registered to receive notices in the above captioned case, and on the following by regular U.S. Mail:

AMERIHOME MORTGAGE COMPANY, LLC
275 PHILLIPS BLVD
Trenton, NJ 8618

AMERIHOME MORTGAGE COMPANY, LLC
MANLEY DEAS KOCHALSKI LLC
c/o Atty. Gail C. Hersh
P.O. BOX 165028
Columbus, OH 43216

CHARTER COMMUNICATIONS
CBE GROUP
PO BOX 900
WATERLOO, IA 50704

CHARTER COMMUNICATIONS
CBE GROUP
131 TOWER PARK DRIVE SUITE 100
WATERLOO, IA 50704

CHRISTIAN FNCL CREDIT UNION
35100 VAN DYKE AVE
STERLING HEIGHTS, MI 48312

CHRISTIAN FNCL CREDIT UNION
18441 UTICA RD
ROSEVILLE, MI 48066

CITIBANK
PO BOX 790040
ST LOUIS, MO 63179

CITIBANK
PO BOX 6217
SIOUX FALLS, SD 57117

COMENITY BANK/GARDNER WHITE FURNITURE
PO BOX 182125
COLUMBUS, OH 43218

COMENITY BANK/GARDNER WHITE FURNITURE
PO BOX 182120
COLUMBUS, OH 43218

COMENITY CAPITAL BANK
PORTFOLIO RECOVERY ASSOCIATES, LLC
120 CORPORATE BOULEVARD
NORFOLK, VA 23502

COMENITY CAPITAL BANK
MIDLAND CREDIT MGMT
PO BOX 939069
SAN DIEGO, CA 92193

Comenity Capital Bank
PO Box 182272
Columbus, OH 43218-2272

COMENITY CAPITAL BANK
MIDLAND CREDIT MGMT
320 EAST BIG BEAVER
TROY, MI 48083

CONCORA CREDIT
PO BOX 4477
BEAVERTON, OR 97076

CONCORA CREDIT
PO BOX 4499
BEAVERTON, OR 97076

EAGLE FINANCIAL SERVICES, INC.
c/o Atty. Christopher J. Arlinghaus
P. O. BOX 30465
Cincinnati, OH 45230

Eagle Financial Services, Inc.
7791 Dixie Highway, Suite B
Florence, KY 41042

EVERGREEN BANK GROUP
c/o LLOYD & MCDANIEL, PLC
700 N HURSTBOURNE PKWY, SUITE 200
LOUISVILLE, KY 40222

Evergreen Bank Group
3842 W 95th Street
Evergreen Park, IL 60805

Exeter Finance LLC
4515 N Santa Fe Ave Dept APS
Oklahoma City, OK 73118

FREEDOM ROAD FINANCIAL
10509 PROFESSIONAL CIRCLE, SUITE 100
RENO, NV 89521

FREEDOM ROAD FINANCIAL
10605 DOUBLE R BLVD
RENO, NV 89521

HARLEY DAVIDSON FINANCIAL
PO BOX 22048
CARSON CITY, NV 89721

HARLEY DAVIDSON FINANCIAL
3850 ARROWHEAD DRIVE
CARSON CITY, NV 89706

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Kentucky Department of Revenue
PO Box 5222
Frankfort, KY 40602

KY Office of Unemployment Insurance
500 Mero Street 4-SC
Frankfort, KY 40601

KY Office of Unemployment Insurance
1324 Madison Ave.
Covington, KY 41011

MARINER FINANCE
8211 TOWN CENTER DR
NOTTINGHAM, MD 21236

MARINER FINANCE LLC
c/o Thomas Alexander Sager
THE COOK LAW OFFICE PLLC
PO BOX 286
Goodlettsville, TN 37070

MIDLAND CREDIT MANAGEMENT, INC
c/o Atty. Lisa A. Riley
ALDRIDGE PITE HAAN
PO BOX 7389
Marietta, GA 30065

Midland Credit Management, Inc
PO Box 70069
Louisville, KY 40270-0069

MSGCU
40400 GARFIELD ROAD
CLINTON TOWNSHIP, MI 48038

ONEMAIN FINANCIAL
JEFFERSON CAPITAL SYSTEMS, LLC
200 14TH AVE E
SARTELL, MN 56377

ONEMAIN FINANCIAL
PO BOX 142
EVANSVILLE, IN 47701

Onemain Financial
6801 Colwell Blvd
Irving, TX 75039

ONEMAIN FINANCIAL
PO BOX 1010
EVANSVILLE, IN 47706

PORTFOLIO RECOVERY ASSOCIATES, LLC
c/o Atty. Virginia Beth Albright
120 CORPORATE BLVD
Norfolk, VA 23502

Progressive Corporation
6300 Wilson Mills Rd.
Mayfield Village, OH 44143-2109

Safeco Insurance
CREDIT COLLECTION SERVICES
725 CANTON ST
NORWOOD, MA 2062

Safeco Insurance
CREDIT COLLECTION SERVICES
PO BOX 607
NORWOOD, MA 2062

Safeco Insurance
9450 Seward Rd
Fairfield, OH 45014

SYNCHRONY/PAYPAL CREDIT
PO BOX 965064
ORLANDO, FL 32896

SYNCHRONY/PAYPAL CREDIT
PO BOX 71727
PHILADELPHIA, PA 19176

VERIZON WIRELESS
500 TECHNOLOGY DR, STE 599
WELDON SPRINGS, MO 63304

*/s/ Dolores L. Dennery*
Dolores L. Dennery, Esq. (Bar No. 97033)
Dennery, PLLC
PO Box 121241, Covington, KY 41012
859-409-5406
dolores@dennerypllc.com